UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| EKARIUS M.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. ED CV 18-02645-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Ekarius M. ("Plaintiff") appeals from the final decision of the Social Security Commissioner denying his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI").[1] For the reasons set forth below, the Commissioner's decision is affirmed.

## I.
## PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI in July 2015 and alleged disability beginning March 27, 2012. See Administrative Record ("AR") 232-

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

50. Plaintiff later amended his onset date to February 13, 2014. See AR 71. Plaintiff's initial applications were denied, and Plaintiff attended a hearing before an Administrative Law Judge ("ALJ") on February 6, 2018. See AR 45-89.

The ALJ denied his claim in a decision dated March 1, 2018. See AR 10-31. The ALJ found that Plaintiff suffered from the severe impairments of paranoid schizophrenia, bipolar disorder, psychosis, substance addiction/cannabis dependence, and dyslexia. See AR 15. The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. See AR 16. The ALJ then determined that despite his impairments, Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations relevant here:

> The claimant is able to understand, remember, and carry out simple, routine, repetitive instructions. He is not able to engage in interaction with the public; he is able to engage in occasional interaction with co-workers and supervisors. The claimant would be off task a maximum of five minutes, or approximately nine percent of the workday, while remaining at the workstation.

AR 18. Relying on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff could perform his past relevant work as a stores laborer as generally performed. See AR 24-25. The ALJ also relied on the VE to conclude that Plaintiff could also perform other jobs existing in the national economy, concluding that Plaintiff could work as a harvest worker, cleaner II, and laundry laborer. See AR 25-26. The ALJ accordingly concluded that Plaintiff was not disabled. See AR 26.

The Appeals Council declined review, making the ALJ's decision the final decision of the Commissioner. See AR 3-9. This action followed.

## II.
## ISSUE PRESENTED

The parties dispute whether the ALJ properly considered the opinion of an examining psychologist, Dr. Kara Cross. See Joint Stipulation ("JS") at 4.

## III.
## ANALYSIS

Three types of physicians may offer opinions in Social Security cases: those who treated the plaintiff, those who examined but did not treat the plaintiff, and those who did neither. See 20 C.F.R. §§ 404.1527(c), 416.927(c). A treating physician's opinion is generally entitled to more weight than an examining physician's opinion, which is generally entitled to more weight than a nonexamining physician's. See Ghanim v. Colvin, 763 F.3d 1154, 1160 (9th Cir. 2014). When a treating or examining physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing reasons." Carmickle v. Comm'r, SSA, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted). Where such an opinion is contradicted, the ALJ may reject it for "specific and legitimate reasons that are supported by substantial evidence in the record." Id. The weight accorded to a physician's opinion depends on whether it is consistent with the record and accompanied by adequate explanation, the nature and extent of the treatment relationship, and the doctor's specialty, among other factors. See 20 C.F.R. §§ 404.1527(c), 416.927(c). The Court must consider the ALJ's decision in the context of "the entire record as a whole," and if the "'evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citation omitted).

Dr. Cross examined Plaintiff in October 2015 and diagnosed him with schizoaffective disorder and cannabis abuse, in remission. See AR 408. Dr. Cross noted Plaintiff's prior diagnosis of bipolar disorder. See AR 405. Dr. Cross opined that Plaintiff had no limitations in understanding, remembering, and carrying out simple one or two step instructions. See AR 409. Dr. Cross also opined that Plaintiff was not significantly limited in his ability to do detailed and complex tasks. See id. But Dr. Cross opined that Plaintiff was "moderately limited" in his ability to understand, remember, and carry out simple one or two-step job instructions, and to do detailed and complex tasks, "without emotionally decompensating" during an 8 hour day, 40 hour week. Id. Dr. Cross assessed that Plaintiff was "not significantly limited" in maintaining concentration, attention, and reasonable persistence, but was "moderately limited" in pace. AR 409. Dr. Cross also assessed that Plaintiff was "moderately limited" in his ability to maintain regular attendance at work and perform activities on a consistent basis. AR 410. The ALJ gave "great weight" to Dr. Cross's opinion. AR 20.

Plaintiff argues that the ALJ rejected without explanation various limitations in Dr. Cross's opinion. See JS at 7 ("The ALJ's RFC does not adequately capture all of the limitations found by Dr. Cross."). Plaintiff specifically asserts that the ALJ did not account for Dr. Cross's assessment that Plaintiff would be "moderately limited" in his ability to carry out simple instructions and do detailed and complex tasks without emotionally decompensating. See id. The Court disagrees.

Given that he gave Dr. Cross's opinion great weight, the ALJ was required in his RFC to account for Dr. Cross's finding that Plaintiff had "moderate" limitations in his ability to carry out instructions and do detailed and complex tasks without emotionally decompensating. See Betts v. Colvin, 531 F. App'x 799, 800 (9th Cir. 2013) (finding error where ALJ gave great

4

weight to doctor's opinion but failed in RFC to account for "moderate" limitations in completing normal workweek without psychologically-based interruptions); Wascovich v. Saul, No. 18-659, 2019 WL 4572084, at *5 (E.D. Cal. Sept. 20, 2019) ("This court adopts Betts analysis. The term 'moderate' should be interpreted to carry, in the context of disability, some semantic weight. . . . This does not necessarily mean that the ALJ was required to explicitly transcribe the limitation in the RFC. Rather, he is required to account for it in his 'translation.'"). The Court finds that the ALJ's RFC adequately satisfied this requirement.

"Episodes of decompensation" are defined in the Social Security regulations as "exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace." 20 C.F.R. § 404, Subpt. P, App'x 1 § 12.00; see also Trnavsky v. Colvin, 636 F. App'x 390, 393 (9th Cir. 2016) (describing "decompensation" as when "the individual's mental illness manifests because of triggers in the workplace"). "Episodes of decompensation may be demonstrated by an exacerbation in symptoms or signs that would ordinarily require increased treatment or a less stressful situation (or a combination of the two)." 20 C.F.R. § 404, Subpt. P, App'x 1 § 12.00.

The ALJ's RFC allowed Plaintiff to be "off task a maximum of five minutes, or approximately nine percent of the workday, while remaining at the workstation." AR 18. It also limited him to only occasional interaction with supervisors and co-workers and no contact with the public. See id. And, finally, it limited him to tasks involving "simple, routine, repetitive instructions." Id. This final limitation accounts entirely for Dr. Cross's finding that Plaintiff would be "moderately limited" in his ability to do detailed and complex tasks during a workweek without emotionally decompensating;

5

Plaintiff would be limited to tasks involving simple, routine, repetitive instructions. The ALJ's RFC also directly accounted for Plaintiff's pace problems with an off-task allowance.

The only question left is whether this off-task allowance was also adequate to account for Plaintiff's "moderate" limitation in his ability to understand, remember, and carry out simple one or two-step job instructions during a workday or workweek without emotionally decompensating. It is clear that the ALJ carefully considered Dr. Cross's opinion and crafted an RFC that was designed to address the limitations she assessed. Of course, ALJs are not required to explain how each part of a doctor's opinion is translated into an RFC determination. See Estep v. Colvin, No. 15-2647, 2016 WL 6988685, at *9 (E.D. Cal. Nov. 28, 2016) ("[A]n ALJ may synthesize and translate assessed limitations into an RFC assessment . . . without repeating each functional limitation verbatim in the RFC assessment or hypothetical."). Moreover, as the Commissioner argues, the evidence of Plaintiff's limitations was inconsistent and ambiguous. Indeed, an impartial medical expert testified and offered functional limitations that were less restrictive and the ALJ expressly gave the expert's testimony partial weight. See AR 21-22.

Finally, it is the ALJ's province to synthesize the medical evidence. See Lingenfelter v. Astrue, 504 F.3d 1028, 1042 (9th Cir. 2007) ("When evaluating the medical opinions of treating and examining physicians, the ALJ has discretion to weigh the value of each of the various reports, to resolve conflicts in the reports, and to determine which reports to credit and which to reject."); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 603 (9th Cir. 1999) (holding that ALJ was "responsible for resolving conflicts" and "internal inconsistencies" within doctor's reports). Where, as here, the evidence is susceptible to more than one rational interpretation, the ALJ's decision must

be upheld. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Therefore, remand is not warranted on this basis.

## IV.
## CONCLUSION

The decision of the Social Security Commissioner is affirmed.

Dated: January 28, 2020

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge